Tagged opinion

ORDERED in the Southern District of Florida on Feb 25, 2009



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

**ANDREW L. PARDO**

    Debtor.
_____/

Case No.: 07-20953-JKO

Chapter 13

**ANDREW L. PARDO, THOMAS KENDALL, MONIQUE FREDERIQUE, NESTOR COPETE, and PETER MACDONALD and JOSEPHINE MACDONALD, on behalf of themselves and all others similarly situated,**

    Plaintiffs,
vs.

**COUNTRYWIDE HOME LOANS, INC.,**
    Defendant.
_____/

Adv. Proc. No.: 08-01138-JKO

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** is before me on Countrywide Home Loans, Inc.'s (the "Defendant" or "Countrywide") Motion to Dismiss First Amended Complaint and Incorporated Memorandum of Law (the "Motion"). [DE 115]. Debtor Andrew L. Pardo (the "Debtor") has also moved to reopen his bankruptcy case under Chapter 7 (the "Motion to Reopen"). *See* [DE 117] in the main case. In light of Pardo's lack of standing, the Motion is granted and the Motion to Reopen will be denied as moot.

### FACTS

**1. Procedural History**

On December 11, 2007, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 13. *See* [DE 1] in the main case. On February 14, 2008, this adversary proceeding was commenced by the Plaintiffs against Countrywide. *See* [DE 1]. On July 9, 2008, the Plaintiffs moved to amend the complaint. *See* [DE 79]. On August 12, 2008, the motion to amend was granted. *See* [DE 100]. On August 21, 2008, the United States Trustee's Motion to Dismiss the Debtor's Bankruptcy Case was filed. *See* [DE 99] in the main case. On August 26, 2008, I granted this relief, which was consented to by all parties, including the Debtor. *See* [DE 106] in the main case. On August 28, the Motion was brought. *See* [DE 115]. On September 22, 2008, the Plaintiffs' Response to Countrywide Home Loans, Inc.'s Motion to Dismiss First Amended Complaint (the "Plaintiff's Response") was filed. *See* [DE 129]. One week later, on September 29, 2008, a Reply Brief in Support of Countrywide's Motion to Dismiss Amended Complaint was filed. *See* [DE 132]. This court heard oral arguments on October 22, 2008. On October 24, 2008, the Motion to Reopen was brought.

### 2. Facts as Alleged by Plaintiffs

The Plaintiffs, a collection of individuals who sought bankruptcy relief under Chapter 13, allege the Defendant to have undertaken acts in violation of 11 U.S.C § 362 (the "Automatic Stay"), to have entered deceptive and/or wrongful proofs of claim and other legal documents, to have imposed illegal charges, fees and costs associated with mortgages, and/or to have been subject to loan restructuring in contravention of the Bankruptcy Code. *See* [DE 79]. Some combination of these illicit actions is alleged against Countrywide with regard to each of the Plaintiffs, and the First Amended and Supplemented Class Action Complaint (the "Complaint") [DE 79] further, generally and commonly, charges the Defendant to have "engaged in a common course of illegal and improper conduct in violation of the United States Bankruptcy Code..." *Id.*

## DISCUSSION

Plaintiff Pardo would like me to reopen his Chapter 7 case so an adversary proceeding might survive. Pardo's Chapter 7 is, of course, closed, because he agreed to its dismissal. And, even if the case is reopened, he is not eligible to receive a discharge since he has been a Chapter 7 debtor who received one such discharge within the past eight years. *See* 11 U.S.C. § 727(a)(8). In short, Pardo would like to be a Chapter 7 debtor for the sole purpose of pursuing litigation, since he is essentially ineligible for most of the other benefits that come with such a status.

As if this were not already a sufficiently unusual request, Pardo is seeking reentry into Chapter 7 for purposes of pursuing litigation arising out of his former Chapter 13 case. Further muddying matters, any claims arising out of Pardo's failed Chapter 13 would be litigation assets of his estate. In such a case, "The trustee has sole authority to dispose of property, including managing litigation related to the estate." *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999).

The Trustee is not a plaintiff.

Thus, in short, Pardo would like to reenter Chapter 7 - something for which he is ineligible - so that he may pursue a claim under Chapter 13 - something for which he has no standing. I am reminded of the observations of Dostoevsky's narrator in *Notes from the Underground*: "[M]athematical certainty is after all, something insufferable. Twice two makes four seems to me simply a piece of insolence. Twice two makes four is a pert coxcomb who stands with arms akimbo barring your path and spitting. I admit that twice two makes four is an excellent thing, but if we are to give everything its due, twice two makes five is sometimes a very charming thing too."

Charming as the concept of twice two amounting to five may be, the law is clear that twice two makes four. Accordingly, the Motion to Dismiss is granted for a lack of standing, and the Motion to Reopen is denied as moot.

For the reasons stated above, it is hereby **ORDERED**:

1. The Defendant's Motion to Dismiss First Amended Complaint [DE 115] is **GRANTED**.

2. All pending motions are **DENIED** as moot.

###

Copies furnished to:
Philip J. Landau
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301

Craig A. Pugatch
101 N.E. 3rd Avenue, Suite 1800
Fort Lauderdale, FL 33301

Mr. Landau is directed to serve a conformed copy of this Order on all other interested parties.